J-S33025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH MICHAEL MCQUADE, JR. | |
| Appellant | No. 1413 WDA 2015 |

Appeal from the Order August 20, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000235-2013

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                               **FILED MAY 24, 2016**

Appellant, Joseph Michael McQuade, Jr., appeals from the order entered on August 20, 2015, which dismissed his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the PCRA court's order and remand.

On June 25, 2013, the Commonwealth filed its information against Appellant.  The information declared that, between January 1, 2013 and April 23, 2013, Appellant committed multiple sexual crimes against a 13-year-old victim.  Commonwealth's Information, 6/23/13, at 1.  The Commonwealth charged Appellant with 28 separate counts, including four counts of aggravated indecent assault under 18 Pa.C.S.A. § 3125(a)(1).  In relevant part, this statute declares:

> **(a) Offenses defined.**-- . . . a person who engages in penetration, however slight, of the genitals or anus of a

*Former Justice specially assigned to the Superior Court.

complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3125(a)(1).

Following trial, the jury found Appellant guilty of 24 of the 28 charges, including all four counts of aggravated indecent assault under 18 Pa.C.S.A. § 3125(a)(1).

On November 25, 2013, the trial court sentenced Appellant to serve an aggregate term of 48 to 148 years in prison. Appellant's aggregate sentencing term included four five-year mandatory minimum sentencing terms for his 18 Pa.C.S.A. § 3125(a)(1) convictions. The mandatory minimum sentences were imposed pursuant 42 Pa.C.S.A. § 9718, which declared, in relevant part:

**(a) Mandatory sentence.**--

(1) A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

. . .

18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)--not less than five years.

. . .

**(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the

Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(d) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place the offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

**(e) Appeal by Commonwealth.--**If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

42 Pa.C.S.A. § 9718 (effective January 1, 2007 to August 17, 2014).

Appellant filed a notice of appeal from his judgment of sentence and, on October 20, 2014, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. McQuade*, 108 A.3d 118 (Pa. Super. 2014) (unpublished memorandum) at 1-8. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On February 17, 2015, Appellant filed a timely, *pro se* petition under the PCRA. The PCRA court appointed counsel and counsel filed an amended

petition on Appellant's behalf. Within the amended petition, Appellant raised the following two claims:

> [1.] The [trial] court entered illegal sentences by sentencing me on November 25, 2013, to the mandatory five [] year minimum sentences on each of the four counts of [] aggravated indecent assault[] (18 Pa.C.S.A. [§] 3125(a)(1)), pursuant to the mandatory minimum sentencing provisions of [42 Pa.C.S.A. § 9718(a)(1)]. Said sentences are illegal as said mandatory minimum sentenc[ing] statute was then unconstitutional and its provisions unseverable. [**Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013); **see also Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014); **Commonwealth v. Mundy**, 78 A.3d 661 (Pa. Super. 2013); **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013); **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014)].
>
> . . .
>
> [2.] My trial counsel was ineffective for not objecting at the time I was sentenced by the [trial] court on November 25, 2013, to the mandatory five [] year minimum sentences on each of the four counts of [] aggravated indecent assault[] [(18 Pa.C.S.A. § 3125(a)(1))], pursuant to the mandatory minimum sentencing provisions of [42 Pa.C.S.A. § 9718(a)(1)]. Said sentences are illegal as said mandatory minimum sentenc[ing] statute was then unconstitutional. . . .

Appellant's Amended PCRA Petition, 5/4/15, at 1 (some internal capitalization omitted).

The PCRA court scheduled a hearing on Appellant's PCRA petition and, on August 20, 2015, the PCRA court denied Appellant post-conviction

collateral relief.[1]  Appellant filed a timely notice of appeal and Appellant now raises two claims to this Court:

> [1.] Did the trial court enter illegal sentences, entitling [Appellant] to a remand for re-sentencing, by sentencing [Appellant] . . . to the mandatory five [] year minimum sentences on each of the four [] counts of [] aggravated indecent assault[] [(18 Pa.C.S.A. § 3125(a)(1))], pursuant to the mandatory minimum sentenc[ing] provisions of [42 Pa.C.S.A. § 9718(a)(1)], where said mandatory minimum sentenc[ing] statute has been found to be unconstitutional and its provisions un-severable?
>
> [2.] Was [Appellant's] trial attorney ineffective, and [Appellant] thereby prejudiced, such that [Appellant] is entitled to a remand for re-sentencing, for not objecting at the time [Appellant] was sentenced by the trial court . . . to the mandatory five [] year minimum sentences on each of the four [] counts of [] aggravated indecent assault[] [(18 Pa.C.S.A. § 3125(a)(1))], pursuant to the mandatory minimum sentenc[ing] provisions of [42 Pa.C.S.A. § 9718(a)(1)], where said mandatory minimum sentenc[ing] statute is unconstitutional?

Appellant's Brief at 4 (some internal capitalization omitted).[2]

Appellant's first claim entitles him to relief.  We therefore vacate the order dismissing Appellant's petition, vacate Appellant's judgment of sentence, and remand this matter for re-sentencing.[3]

---

[1] The certified record does not contain a PCRA hearing transcript.

[2] For ease of discussion, we have re-numbered Appellant's claims on appeal.

[3] Given our disposition, we will not discuss Appellant's second numbered claim on appeal.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. *Commonwealth v. Rykard*, 55 A.3d 117, 1183-1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489. Further, in *Alleyne*, the United States Supreme Court expanded "*Apprendi's* basic jury-determination rule to mandatory minimum sentences." *Alleyne*, ____ U.S. at ___, 133 S.Ct. at 2167 (Breyer, J., concurring). Specifically, the *Alleyne* Court held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2162-2163.

In *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), this Court held that a version of 42 Pa.C.S.A. § 9718 – which is the identical

version of Section 9718 that is implicated in the current appeal – was unconstitutional under **Alleyne**. **Id.** at 805.

In the case at bar, Appellant was found guilty of four counts of aggravated indecent assault under 18 Pa.C.S.A. § 3125(a)(1). Appellant was then sentenced to four five-year mandatory minimum sentencing terms for his Section 3125(a)(1) convictions, under the same version of 42 Pa.C.S.A. § 9718 that this Court held was facially unconstitutional in **Wolfe**. Moreover, the mandatory minimum sentencing statute under which Appellant was sentenced contained an element that was not included in Section 3125(a)(1) and that was, therefore, not submitted to the jury or proven beyond a reasonable doubt at trial – this being the victim's age. **See** 42 Pa.C.S.A. § 9718(a)(1) ("[a] person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)--not less than five years").

Hence, Appellant's sentence is illegal under the plain terms of **Alleyne** (as he was subjected to a mandatory minimum sentence based upon a fact that was not submitted to the jury or proven beyond a reasonable doubt at trial) and under the plain terms of **Wolfe** (as he was sentenced under a mandatory minimum statute that this Court held was facially

unconstitutional).[4] Accordingly, we vacate the order dismissing Appellant's petition, vacate Appellant's judgment of sentence, and remand this matter for re-sentencing.

Order vacated. Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016

---

[4] This Court has held that **Alleyne** does not apply retroactively to cases on post-conviction review. **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015). However, **Alleyne** was decided on June 17, 2013 and Appellant was not sentenced until November 25, 2013. Therefore, Appellant is entitled to the application of **Alleyne** and the conclusion that, at the time he was sentenced, **Alleyne** had rendered the mandatory minimum sentencing statute at 42 Pa.C.S.A. § 9718 facially unconstitutional and Appellant's sentence illegal. **Commonwealth v. Ruiz**, 131 A.3d 54, 60 (Pa. Super. 2015) (holding that a PCRA petitioner was entitled to the application of **Alleyne** and was entitled to relief because the petitioner "raised his [illegal sentencing] claim in a timely PCRA petition [and the petitioner's] judgment of sentence was 'still pending on direct review' when **Alleyne** was decided").